24SL-CC06032
EXHIBIT A

Electronically Filed - St Louis County - October 30, 2024 - 12:56 PM

STATE OF MISSOURI
IN THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | |
|---|---|
| VICTORIA MENGES,<br>    Plaintiff,<br>vs.<br>CAROL HOUSE FURNITURE, INC.,<br>    Defendant<br><br>HOLD FOR SERVICE | Case Number:<br><br>Division: |

**PETITION FOR UNPAID SALES COMMISSIONS**
(RSMo §407.911-915)

COMES NOW, Plaintiff and for her Petition for damages Defendant Carol House Furniture, Inc. states as follows:

ALLEGATIONS COMMON TO ALL COUNTS

1.  Plaintiff is an individual residing in Madison County, Illinois.

2.  Defendant Carol House Furniture, Inc. is a Missouri corporation doing business at 2332 Millpark Dr., St. Louis Missouri 63043.

3.  Plaintiff was employed by Defendant, in St. Louis County, as a commissioned salesperson from approximately June 2023 through a date in January of 2024.

4.  Under the terms of Plaintiff's written agreement with Defendant, Plaintiff was to be paid a percent of revenue on sales of Defendant's merchandise, upon delivery of the merchandise to Defendant's customers.

5.  Upon information and belief, the written agreement attached as **Exhibit A** is identical in content to the agreement of the parties (the "Agreement").

6. The Agreement provides that no commissions will be paid to Plaintiff after the termination of the Agreement (the "Termination/Commission Clause").

7. The Termination/Commission Clause is void under RSMo. §407.915.2.

8. During Plaintiff's employment with Defendant, Plaintiff would engage with customers and assist in the customer's questions regarding and selection of merchandise.

9. At all times Plaintiff was interacting with Defendant's customers, Plaintiff could access Defendant's information on Defendant's cost of the merchandise, as well as the sales price and the resulting margin upon which Plaintiff's commissions were based.

10. Once Plaintiff had secured the sale, Plaintiff would input the merchandise information into Defendant's IT system, which system would produce a written "reservation" for Plaintiff to confirm with the customer.

11. Thereafter, Plaintiff would provide the reservation to Defendant's cashier, which cashier would then convert the "reservation" to a "sale" and collect the deposits required by Defendant of the customer.

12. Each week, Defendant provided a "written report" to Plaintiff for the sales that had been made by Plaintiff (and which were in, most cases, pending delivery).

13. Such written report would reflect each sale, customer, line item, cost, price, margin, and similar information.

14. Each week, Defendant provided a "delivered report" to Plaintiff, in which Defendant purported to inform Plaintiff of sales made by Plaintiff that had been delivered, reflecting each sale, customer, line item, cost, price, margin, and similar information.

15. The date that an item appears on a written report (the date of the sale) can predate the delivered report for that item by many months (as the merchandise has long lead times in many cases).

16. Upon information and belief, at the conclusion of Plaintiff's employment, Plaintiff was owed commissions that came due after Plaintiff's employment ended.

17. Upon information and belief, which will require discovery to ascertain, both during and after Plaintiff's employment with Defendant, Defendant did not properly reflect the commissions due to Plaintiff, in the following ways:

   a. Defendant altered the purported "cost" of various items between the sales date and the delivery date, resulting in a lower margin on the delivered report, which in turn reduced the commission.

   b. Altering the price or product code on sales of customer warranties and/or protection plans, resulting in lower commissions than were owed.

   c. Voiding sales made by Plaintiff and transferring the commission on the sale to itself or another of its employees.

   d. Improperly deducting voided sales from Plaintiff's delivered reports.

   e. Failing to pay Plaintiff commissions that came due (under RSMo. §407.912.3) after Plaintiff's employment ended.

18. The actions of Defendant resulted in Plaintiff being unpaid and/or underpaid the correct commissions that were due and owing.

## COUNT 1 – FRAUD

19. Plaintiff reincorporates all prior counts.

Electronically Filed - St Louis County - October 30, 2024 - 12:56 PM

EXHIBIT A

20.     Defendant made affirmative misrepresentations to Plaintiff in the delivered reports that Defendant regularly gave to Plaintiff.

21.     Defendant knew that the delivered report contained incorrect and different information about the commission owed to Plaintiff than Defendant provided to Plaintiff at the time Plaintiff would rely on such information.

22.     Defendant knew that it was underrepresenting the amount of commission owed to Plaintiff in the delivered reports.

23.     Defendant intended Plaintiff, as Defendant's employee, to rely on the delivered report as the correct representation of the commissions due to Plaintiff.

24.     Plaintiff did not know, and could not have been expected to know, that Defendant's delivered report did not correctly state the amounts of commissions owed to Plaintiff.

25.     Plaintiff relied on the accuracy of Defendant's delivered reports.

26.     Plaintiff was entitled to rely on Defendant's delivered report as Plaintiff would have no reason to question the reports generated from its employer's IT system.

27.     By relying on Defendant's statements, Plaintiff was directly and proximately damaged, each month when Defendant paid less commission than was due to Plaintiff.

28.     As a result of Defendant's actions and omissions, Plaintiff has incurred damages, in an amount to be proven at trial, which are more than $25,000.

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant and provide the following relief: (a) actual damages for the unpaid and/or underpaid commissions suffered by Plaintiff because of Defendant's knowing and wrongful

conduct; (b) the costs of this action; (c) reasonable attorney fees, and (f) such further relief this court deems appropriate.

## COUNT 2 – UNPAID SALES COMMISSION
(RSMo §409-911, et seq.)

29. Plaintiff reincorporates all prior counts.

30. The amounts due and owing to Plaintiff are "commissions", as that term is defined at RSMo. §409.111(1).

31. Defendant is a "principal" as that term is defined at RSMo. §409.111(2).

32. Plaintiff is a "sales representative" as that term is defined at RSMo. §409.111(3).

33. Defendant failed to pay Plaintiff for commissions that became due under §409.112.3.

34. Despite demand, Defendant failed to pay the commissions owed to Plaintiff, as required by the parties' agreement and the provisions of RSMo. § 407.911 through §407.915 (the "MMPA").

35. Defendant was aware of its obligations under the MMPA and has willfully failed to bring its practices into compliance, acting with malicious intent and recklessly disregarding the rights of Plaintiff.

36. Plaintiff has been damaged in the amount of the unpaid commissions and has incurred costs and expenses because of Defendant's failure to comply with the MMPA.

37. Plaintiff is entitled to statutory damages under the RSMo. §407.913.

38. Plaintiff has incurred costs and expenses because of Defendant's failure to comply with RSMo. §407.911 through 407.915.

39. Plaintiff's damages exceed $25,000, in an amount to be proven at trial.

# EXHIBIT A

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant and provide the following relief: (a) actual damages in the amount of commissions lost by Plaintiff due to Defendant's wrongful conduct; (b) an additional amount in the form of annualized pro rata basis from the date of Defendant's failure to pay the commission to the date of judgment; (c) the costs of this action; (d) reasonable attorney fees as provided for by statute, and (e) such further relief this court deems appropriate.

.

        Respectfully submitted,

        Lex Valorem, LLC

        By: /s/ *P. S. Williams*
        Patricia S. Williams #44533
        4220 Duncan Ave., Suite 201
        St. Louis, MO 63110
        Patricia.Williams@LexLLC.com
        Phone: 314.949.2373

Electronically Filed - St Louis County - October 30, 2024 - 12:56 PM

## SALES ASSOCIATE COMPENSATION 2/'17

1-7% Commission per Delivered Item. (1-3% is uncommon and rare)

Quarterly Bonuses based on Merit Review.

Largest Mattress Spiffs.

20% Commission on Warrantees/ 66% Commission on Free In-Home Design

Free Premium Health Care Insurance.

Free Short Term Disability

Free Life Insurance

401K with 100% Match up to 5%.

Paid Vacations (1 week after 1yr & 2 weeks after 2yrs)

Free Profit Sharing Plan in great years.

New Sales Associate Training Pay:   $10. per hour paid weekly for 3 weeks

Sales Associate Draw:   Part Time Draw   $200. per wk
Full Time Draw   $300. per wk
Overtime Draw   $400. per wk
(this advance pay will be deducted from Carol House commissions)

Commissions paid Monthly, on the 2nd Fri. for the prior month's Delivered Business.

Quota is currently $45,000. Delivered Sales per month. Termination occurs when missed.

Sales Associate will be paid (after leaving Carol House) for all Delivered business thru The last day worked, minus all Draws and Payroll Deductions in arrears. Associate that have made Quota consistently for the past 2 Years and are in Good Standing with Carol House will be considered for additional commissions.

After the termination of employment by either the employer or employee, the employee agrees not to directly or indirectly solicit business, or attempt to provide the same or similar services as are now provided to any customer or client of Carol House Furn. At the time the employment is terminated the employee will give all records, appointments and all files pertaining to Carol House Furniture customers to the employer.

Associates Signature
Print Name